# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| C. H. BRADDY MINISTRIES, INC., | |
| Plaintiff, | |
| v. | Case No. 1:23-cv-_____ |
| GAIL GRESHAM AND JAMES V. GRESHAM, INDIVIDUALLY AND AS TRUSTEES OF THE GRESHAM LIVING TRUST, | |
| Defendants. | |

## NOTICE OF REMOVAL

COME NOW, Gail Gresham and James V. Gresham, individually (the "Greshams") and as trustees of the Gresham Living Trust (the "Trust") (collectively referred to as the "Defendants"), Defendants in the above-styled civil action, and file this Notice of Removal, hereby removing this action to the United States District Court for the Northern District of Georgia, Atlanta Division. The Greshams state the following grounds in support of removal:

1.  On December 1, 2022, C. H. Braddy Ministries, Inc. (the "Plaintiff") filed its Verified Complaint for Damages and Interlocutory Relief (the "Complaint") against the Greshams and the Trust in the Superior Court of Clayton County,

1

Georgia. This case is styled as *C. H. Braddy Ministries, Inc. v. Gail Gresham and James V. Gresham, Individually and as Trustees of the Gresham Living Trust,* and was assigned Case No. 2022CV03648-10 (the "State Court Action"). True and correct copies of all filings to date in the State Court Action are, collectively, attached hereto as **Exhibit "A"**.

2. The Greshams were served with process, in their individual and trustee capacities, on December 19, 2022. As such, removal is timely under 28 U.S.C. § 1446(b)(1).

3. The United States District Court for the Northern District of Georgia, Atlanta Division, embraces Clayton County, Georgia. Removal to this Court is therefore proper under 28 U.S.C. § 1441(a).

4. This Notice of Removal is being filed in accordance with 28 U.S.C. § 1446 and Fed. R. Civ. P. 81(c). In compliance with 28 U.S.C. § 1446(d), the Defendants will, upon docketing of the Notice of Removal in this Court, file a copy of the Notice of Removal with the Clerk of the Superior Court of Clayton County, Georgia.

## **DIVERSITY JURISDICTION**

5. The basis for this removal and federal court jurisdiction is that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a),

because this is a suit between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. The Plaintiff is a Georgia nonprofit corporation with its principal place of business at 1115 Mt. Zion Road, Suite 4, Morrow, Georgia 30260. *See* Compl., ¶ 1. Thus, the Plaintiff is a citizen of Georgia for purposes of diversity jurisdiction.

7. The Greshams reside at 1241 Coral Way, Singer Island, Riviera Beach, Florida 33404 and have been sued individually. *Id.* at ¶ 2. Thus, the Greshams are citizens of Florida for purposes of diversity jurisdiction.

8. The Greshams have also been sued as trustees of the Gresham Living Trust (the "Trust"). *Id.* at ¶ 3. Citizenship of a traditional trust is determined to be the state of citizenship for its trustees. *See Americold Realty Trust v. Congara Foods, Inc.*, 577 U.S. 378, 383 (2016). Thus, the Trust is also a citizen of Florida for purposes of diversity jurisdiction.

9. The State Court Action seeks damages in connection with the sale of a property located at 2317 Forest Drive, Jonesboro, Georgia 30236 (the "Property") and a security deed encumbering the Property in the principal amount of $807,500.00 executed by the Plaintiff in favor of the Greshams (the "Security Deed"). *See* Compl., ¶¶ 12 and 22.

10. Plaintiff asserts in the State Court Action that it estimates that the cost to repair the Property due to a patio separating or sinking, mold, and other issues is $250,000.00 to $300,000.00, *id.* at ¶ 12, and that the condition of the home has made it impossible for the Plaintiff to refinance the Security Deed, in the amount of $807,500.00, prior to a required balloon payment, *id. at* ¶ 22.

11. Based on these assertions by the Plaintiff in the State Court Action, the amount in controversy exceeds $75,000.00.

12. Because the Plaintiff and the Defendants are completely diverse and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

WHEREFORE, the Defendants pray that the State Court Action proceed in this Court as an action properly removed, and that no further proceedings be had in said State Court Action.

Respectfully submitted, this 13th day of January, 2023.

>/s/ Bret J. Chaness
>BRET J. CHANESS (GA Bar No. 720572)
>PATTY WHITEHEAD (GA Bar No. 258296)
>**RUBIN LUBLIN, LLC**
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, GA 30071
>(678) 281-2730 (Telephone)
>(470) 508-9203 (Facsimile)
>bchaness@rlselaw.com
>pwhitehead@rlselaw.com
>
>*Attorneys for Defendants*

## **FONT CERTIFICATION**

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted, this 13th day of January, 2023.

>  */s/ Bret J. Chaness*
>  BRET J. CHANESS (GA Bar No. 720572)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 13th day of January, 2023, served all parties in this matter with the foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

David J. Forestner
Jones Walker LLP
3455 Peachtree Road NE
Suite 1400
Atlanta GA  30326

*Attorney for Plaintiff C. H. Braddy Ministries, Inc.*

                                           */s/ Bret J. Chaness*
                                           BRET J. CHANESS (GA Bar No. 720572)